UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PRESTIGE BUILDER &
MANAGEMENT LLC,                                                   ORDER

       Plaintiff,                                       12 Civ. 1947 (ILG) (LB)

  - against -

SAFECO INSURANCE COMPANY OF
AMERICA, et al.

       Defendants.
-----------------------------------------------------------x
GLASSER, Senior United States District Judge:

    This action began in April 2012 when plaintiff Prestige Builder & Management LLC ("Prestige"), a New York-based subcontractor, sued several California-based employees of Triton Structural Concrete Incorporated ("Triton"), a general contractor, and Triton's surety, Safeco Insurance Company of America ("Safeco"), seeking payment for work completed as part of a construction project. Dkt. No. 1.[1] On March 8, 2013, Triton moved to intervene pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, or, in the alternative, Rule 24(b)(1)(B). Dkt. No. 14.

    Under Rule 24(a)(2), "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." "In order to intervene as of right pursuant to Rule 24(a)(2), the applicant

---

[1] The factual background and procedural history of this action are set out more fully in the Court's previous decision, familiarity with which is assumed. Prestige Builder & Mgmt. LLC v. Safeco Ins. Co. of Am., --- F. Supp. ----, 2012 WL 4801769, at *1-2 (E.D.N.Y. Oct. 10, 2012).

1

must: (1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action." Farinella v. Paypal, Inc., 611 F. Supp. 2d 250, 258 (E.D.N.Y. 2009) (quoting In re Holocaust Victims Assets Litig., 225 F.3d 191, 197 (2d Cir. 2000)).  A general contractor can intervene as of right "in a subcontractor's suit against a surety on a payment bond [where] the 'defendant surety is unable to represent adequately petitioner's interest because it cannot interpose petitioner's personal defenses or claims.'" United States ex rel. Milestone Tarant, LLC/Highland Ornamental Iron Works, Inc. v. Fed. Ins. Co., 815 F. Supp. 2d 36, 39 (D.D.C. 2011) (quoting Coleman Capital Corp. v. Fidelity Deposit Co. of Md., 43 F.R.D. 407, 408 (S.D.N.Y. 1967)).

Under Rule 24(b)(1)(B), "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Triton's motion to intervene is granted because (1) it was filed in accordance with the magistrate judge's scheduling order; (2) Triton is a party to contracts at issue in this action; (3) Triton must reimburse Safeco if Prestige recovers damages in this action; and (4) only Triton can assert its counterclaims based on the same two contracts at issue in this action.  Dkt. Nos. 11 & 14-4.  To the extent Triton's counterclaims rely on additional contracts between Triton and Prestige, the Court permits intervention because the counterclaims present nearly identical questions of law on similar facts, so there is no prejudice to the original parties.

SO ORDERED.

Dated:	Brooklyn, New York
	April 23, 2013

                                                                         _____/s/_____
                                                                         I. Leo Glasser
                                                                         Senior United States District Judge